FILED
2012 Nov-07  PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANCES WAITES, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.:** |
| **VERIZON WIRELESS, INC., a** | ) | |
| **Corporation; EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC, a** | ) | |
| **Corporation; TRANS UNION, LLC,** | ) | |
| **a Corporation; EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC,** | ) | |
| **a Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's

Complaint against the Defendants states as follows:

1.    This action arises out of Defendants' repeated violations of the Fair Credit

Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and out of

state law violations which all relate to a debt with Verizon that even Verizon

admits is not owed by Plaintiff.

## JURISDICTION

2.    Personal jurisdiction exists over Defendants as they have the necessary

minimum contacts with the State of Alabama and this suit arises out of their

specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

3.    Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

4.    Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendants do business in this judicial district.

## PARTIES

5.    Plaintiff  Frances Waites (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama.

6.    Defendant Verizon Wireless, Inc. ("Defendants" or "Verizon[1]") is a foreign company that engages in the business of collecting debts and furnishing consumer credit information to consumer reporting agencies.   15 U.S.C. §1681s-2.  It is incorporated in Delaware and has its principal place of business in Minnesota.

---

[1] The letters and credit reports do not identify the company other than "Verizon Wireless" so that is the named Defendant.  "Verizon" means directly or through its employees and agents who were involved in any credit reporting activities or communications to or related to Plaintiff.

7.   Defendant Equifax Information Services, LLC ("Defendants" or "Equifax[2]") is a foreign company that engages in the business of maintaining and reporting consumer credit information.  It is incorporated in Georgia and has its principal place of business in Georgia.

8.   Defendant Trans Union, LLC ("Defendants" or "Trans Union[3]") is a foreign company that engages in the business of maintaining and reporting consumer credit information.  It is incorporated in Delaware and has its principal place of business in Illinois.

9.   Defendant Experian Information Solutions, Inc. ("Defendants" or "Experian[4]") is a foreign company that engages in the business of maintaining and reporting consumer credit information.  It is incorporated in Ohio and has its principal place of business in California.

---

[2] "Equifax" means Equifax directly or through its employees and agents who were involved in any credit reporting activities.
[3] "Trans Union" means Trans Union directly or through its employees and agents who were involved in any credit reporting activities.
[4] "Experian" means Experian directly or through its employees and agents who were involved in any credit reporting activities

# FACTUAL ALLEGATIONS

## Defendants Verizon, Equifax, Experian and Trans Union
## Falsely Credit Report the Defendant Verizon Account

10.    Defendant Verizon claimed Plaintiff owed money to Defendant Verizon.

11.    This is untrue and Plaintiff has repeatedly challenged Defendant Verizon for making this false claim.

12.    Defendant Verizon reported and has continued to report to the credit reporting agencies that this account belongs to Plaintiff.

13.    Plaintiff has repeatedly disputed directly to Defendants Equifax, Experian, Trans Union and Verizon explaining that no debt is owed or was owed to Defendant Verizon.

14.    Defendants Equifax, Experian, Trans Union, and Verizon, however, refused to properly investigate and delete the tradeline from Plaintiff's credit reports.

15.    Defendants Equifax, Experian, Trans Union, and Verizon know this debt is not owed.

16.    Plaintiff did not and does not owe this money to Defendant Verizon.

17.    Defendants Equifax, Experian and Trans Union were not concerned about and did not care about the fact that the Verizon account was falsely reporting on Plaintiff's credit reports as Defendants Equifax, Experian and Trans Union did not intend to perform a reasonable investigation.

18. Defendants Equifax, Experian and Trans Union did not perform any type of reasonable investigation.

19. Defendants Equifax, Experian and Trans Union notified Defendant Verizon in accordance with the FCRA of the dispute by the Plaintiff.

20. Alternatively, Defendants Equifax, Experian and Trans Union did not properly notify Defendant Verizon and, as a part of this failure, did not include all relevant information provided by Plaintiff in its notification of Defendant Verizon.

21. Defendants Equifax, Experian, Trans Union, and Verizon failed to properly investigate these disputes as if Defendants had properly investigated, the Verizon account would have been deleted.

22. Despite knowing that the Verizon account is false, Defendants Equifax and Trans Union have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Verizon, has told them to say.

23. Defendants Equifax and Trans Union know courts have condemned the practice of "parroting" but yet these Defendants continue to do so.

24. Defendants Equifax and Trans Union have a policy to favor the paying customer, in this situation Defendant Verizon.

25. Defendant Experian has refused to conduct a proper investigation.

26.   Defendant Experian has a corporate policy to stall disputes by insisting consumers provide more proof of identity than is required.

27.   Plaintiff provided Defendant Experian with all the proof necessary of Plaintiff's identity and asked Defendant Experian to no longer make bogus excuses.

28.   Plaintiff asked Defendant Experian to not send a form letter.

29.   Despite this, Defendant Experian has refused to conduct a proper investigation and thus it's "investigation" was unreasonable and wanton and Defendant Experian has continued its frustrating strategy of sending form letters to "justify" its blatant refusal to follow the law and its blatant refusal to conduct a proper investigation.

## Reason for Keeping False Information on Credit Reports

30.   The primary reason why Defendants have kept this false information on Plaintiff's reports is that furnishers (such as Defendant Verizon) provide enormous financial rewards to Defendants Equifax, Experian and Trans Union.

31.   The importance of keeping false information on credit reports is that all the Defendants understand that one of the most powerful methods furnishers have to wrench payment from a consumer is by placing and keeping false accounts on the consumer's credit reports.

32.   Defendant Verizon has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff, who do not owe the alleged debt.

33.   The reason is to keep false information on the credit report to force Plaintiff to pay a debt that is not owed.

34.   Defendant Verizon has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Verizon has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

35.   Defendant Verizon assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

36.   Defendant Verizon has a policy to "park" its accounts on at least one of the consumer's credit report.  This is a term in the industry for keeping a false account on the credit report so that the consumer will be forced to pay money in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Equifax, Trans Union, Experian  and Verizon Defendants' intentional and malicious conduct.

37. In parking or allowing the parking of an account, these Defendants know they are violating their obligations and duties under federal and state law to accurately report the account.

38. Defendants Verizon, Equifax, Experian and Trans Union know that parking a false account will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed (as happened to Plaintiff) and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account Plaintiff does not owe.

39. Defendants Verizon, Equifax, Experian and Trans Union maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to Defendants Verizon, Equifax, Experian and Trans Union either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

40. At all relevant times the Defendants Equifax, Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure

maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

41.   Defendant Verizon failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and the FCRA.  These violations occurred before, during, and after the dispute process began with the Defendants Equifax, Experian and Trans Union.

42.   Plaintiff has suffered credit denials based upon Defendants' wrongful conduct.

## Summary of Wrongful Conduct

43.   Defendants Verizon, Equifax, Experian and Trans Union understand that one of the most effective ways to collect bogus debts is to credit report against Alabama consumers such as Plaintiff.

44.   Defendant Verizon has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff.  These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Defendants Equifax, Experian and Trans Union that Plaintiff owes  or owed the debt, that Plaintiff defaulted, and that the account was in collections.

45.    The Defendants Equifax, Experian and Trans Union have failed to maintain Plaintiff's account with maximum accuracy and these Defendants and Defendant Verizon have failed to properly investigate the account in response to the disputes made by Plaintiff.

46.    The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

47.    It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

48.    All Defendants know their conduct is wrong and have been sued multiple times for this type of wrongful conduct.

49.    Significant punitive damages are needed to stop this type of inappropriate behavior from continuing to happen.

50.    All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

51.    All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with

the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

52.   All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

53.   All Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their employees and agents, including, but not limited to, violations of the FCRA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## Summary of Legal Claims

54.   The above-detailed conduct by these Defendants in harassing Plaintiff in an effort to collect this debt (directly or indirectly) was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

55.   This series of abusive actions by Defendants and their agents caused Plaintiff stress and anguish.

56.   Defendants Verizon, Equifax, Trans Union and Experian have violated the FCRA in their willful, wanton, and negligent violations of their responsibilities to reasonably report on Plaintiff's credit report and investigate Plaintiff's dispute(s).

57.   All Defendants have repeatedly violated Alabama state law which has proximately caused Plaintiff damages.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

58.   Defendants negligently and/or wantonly hired, trained, retained, or supervised incompetent agents and employees and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I. (VERIZON, EQUIFAX,  EXPERIAN AND TRANS UNION)
## VIOLATING THE FAIR CREDIT REPORTING ACT

59.   Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

60.   Defendant Equifax, Experian and Trans Union are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

61.    Defendant Verizon is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

62.    Plaintiff notified Defendants Equifax, Experian and Trans Union directly of a dispute on the Defendant Verizon account's completeness and/or accuracy, as reported.

63.    Defendants Equifax, Experian and Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

64.    Plaintiff alleges that at all relevant times Defendants Equifax, Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

65.    Plaintiff alleges that Defendants Verizon, Equifax, Experian and Trans Union failed to conduct a proper and lawful reinvestigation.  For example, Defendants Verizon, Equifax, Experian and Trans Union were given notice that on November 10, 2010, Defendant Verizon admitted that the account should be deleted, but Defendants Verizon, Equifax, Experian and Trans

Union refused to follow the promises in the letter.  Other examples will become apparent once discovery is commenced.

66.    All actions taken by the Defendants Verizon, Equifax, Experian and Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

67.    All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II. (ALL DEFENDANTS)

## INVASION OF PRIVACY

68.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

69.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

70.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of
> personal bankruptcies, to marital instability, to the loss of jobs,
> and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

71.  Congress further recognized a consumer's right to privacy in financial data

in passing the Gramm Leech Bliley Act, which regulates the privacy of

consumer financial data for a broad range of "financial institutions"

including debt collectors (albeit without a private right of action), when it

stated as part of its purposes:

> It is the policy of the Congress that **each financial institution
> has an affirmative and continuing obligation to respect the
> privacy of its customers** and to protect the security and
> confidentiality of those customers' nonpublic personal
> information.

15 U.S.C. § 6801(a) (emphasis added).

72.  Defendants and/or their agents intentionally, recklessly, and/or negligently

interfered, physically or otherwise, with the solitude, seclusion and or

private concerns or affairs of the Plaintiff, namely, by repeatedly and

unlawfully attempting to collect a debt and/or falsely credit report and

thereby invaded Plaintiff's privacy.

73.  Defendants and their agents intentionally, recklessly, and/or negligently

caused emotional harm to Plaintiff by engaging in highly offensive conduct

in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

74. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

75. The conduct of the Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

76. The false credit reporting by Defendant Verizon, Equifax, Trans Union and Experian naturally resulted in invasions of privacy of Plaintiff.

77. As a result of all intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

78. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III. (ALL DEFENDANTS)

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

79. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

80.   Defendants allowed and encouraged their agents and employees to break the law.

81.   Defendants are aware of the wrongful conduct of their agents and employees.

82.   Defendants Verizon, Equifax, Experian and Trans Union know and approve of their incompetent employees and agents who are involved in credit reporting.

83.   All Defendants negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent credit reporting individuals and/or entities, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV (ALL DEFENDANTS)

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

84.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

85.   Defendants owe a duty to anyone they come in contact with to act reasonably so as to not unreasonably cause harm.

86.   Defendants assumed a duty to act reasonably towards Plaintiff and not to unreasonably cause Plaintiff harm.

87.   Defendants owe a duty to consumers against whom they are collecting to act reasonably.

88.   All of the actions described in this Complaint demonstrate that Defendants did not act reasonably towards the Plaintiff.

89.   Defendants by their described conduct, breached their duty to act reasonably towards Plaintiff.

90.   Defendants proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendants anticipated causing when they breached their duty to act reasonably.

91.   Defendants knew, or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet they acted despite this knowledge.

92.   Defendants acted with full knowledge and with the design and intent to cause harm to Plaintiff.

93.   Defendants were successful in their design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendants when dealing with consumers who do not pay debts that Defendants allege are owed.

94.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

95.   Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

96.   It was foreseeable, and Defendants did in fact foresee that the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

97.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

98.   Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

99.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

100.  As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## COUNT V (VERIZON ONLY)

### FRAUD

101.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

102. Defendant Verizon knows that Plaintiff does not and has not owed any money to Defendant Verizon.

103. On November 11, 2010, Defendant Verizon sent a letter to Plaintiff stating that the referenced account (062232564600001) would be deleted on Plaintiff's credit reports.

104. The letter stated "We apologize for any inconvenience caused by this matter."

105. Recognizing that this negative account was harming Plaintiff's ability to obtain needed credit, the letter stated "In the meantime, you may show this letter to any potential creditor as proof that an amendment [requesting deletion from the credit bureaus] is pending."

106. Defendant Verizon misrepresented and suppressed from Plaintiff concerning its refusal to delete this false credit reporting information.

107. Plaintiff reasonably and justifiably and appropriately relied upon the fraudulent statements of Verizon as Plaintiff had no reason to believe that Defendant Verizon would lie and deceive Plaintiff about this matter.

108. As recently as this year, when Plaintiff disputed this false credit reporting multiple times to all Defendants, Defendant Verizon continued to lie and attempt to deceive Plaintiff.

109.  Defendant Verizon told Plaintiff that the reason the false account was still on her credit reports is that Plaintiff somehow sent the disputes to the wrong credit bureaus.

110.  The continued deception and lies of Defendant Verizon show its lack of remorse in that it will only correct false credit reporting when it is convinced that a consumer, such as Plaintiff, has become so frustrated that the consumer is looking at suing Defendant Verizon.

111.  Defendant Verizon's misrepresentations and suppressions of material facts have proximately caused Plaintiff's damages and injuries as described in this Complaint.

112.  The misrepresentations and suppressions of material facts were made intentionally, maliciously, recklessly, and/or negligently as will be determined at trial.

113.  Plaintiff claims all damages to which Plaintiff is entitled to recover.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against all Defendants Verizon, Equifax, Experian and Trans Union for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Verizon Wireless, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Equifax Information Services, Inc.
c/o CSC Lawyers Incorporating SVC, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Trans Union, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104